DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-695-FDW

| | |
|---|---|
| TRAVIS BENNETT, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| FNU HAWKINS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e).

**I.   BACKGROUND**

Pro se Plaintiff Travis Bennett is a state court inmate, currently incarcerated at Alexander Correctional Institution. North Carolina Department of Public Safety records show that Plaintiff was transferred to Alexander Correctional Institution from Lanesboro Correctional Institution ("Lanesboro") on December 11, 2013. On December 16, 2013, Plaintiff filed the instant Complaint in this Court pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants in the Complaint three nurses at Lanesboro by the last names of Hawkins, Thompson, and Hancock; Lanesboro doctor Sami Hassan; and "J. Bennett," identified as a Case Manager at Lanesboro. Plaintiff appears to be attempting to bring a claim against Defendants under the Eighth Amendment for deliberate indifference to a serious medical need. Plaintiff alleges that while he was incarcerated at Lanesboro:

> On 3/27/213 [while incarcerated at] Lanesboro Correctional Institution . . . Plaintiff was interviewed and diagnosed by Doctor Stewart for a serious foot cut (gash) across the top of my right foot which was . . . approximately 6" long.

1

> Doctor Stewart diagnosed my medical problem and recommend[ed] that I be transferred to another medical facilit[y] that can better handle my medical problem. This serious foot cut has caused [Plaintiff] excruciating pains, which has caused [Plaintiff] to use a wheelchair and medical walking [cane]. Nurse Hawkins, Nurse Thompson, and Nurse Hancock . . . are directly responsible [for] Plaintiff being denied medical treatment, call outs, and bandage changes each day. Each nurse has failed to follow the doctor orders [sic] the treatment the doctor has written in the plaintiff's medical record, etc. On 11-13-13, I was interviewed and diagnosed by Doctor Hassan. Upon me explaining medical problem to him about my foot cut (gash) . . . Doctor Hassan had ordered Tr[a]domal for me 6 months [earlier]. Upon Plaintiff explaining this problem to Dr. Hassan, [Dr. Hassan] became very angry and discontinued my medical, which he already ordered three weeks [early]. This was an act of retaliation [that] Doctor Hassan performed by discontinuing my medication. Plaintiff states he [is] still in pain because Doctor Hasan has discontinued my medication.

(Doc. No. 1 at 3-4). As relief, Plaintiff states that he seeks "a declaration that the act[s] and omission[s] described herein violate his rights under the constitution and law of the United States and a preliminary and permanent injunction ordering Defendants . . . to stop their action against the Plaintiff granting Bennett compensatory damages." (Id. at 4).

## II.     STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so <u>properly</u> (so that the agency addresses the issues on the merits).'" <u>Id.</u> at 90 (quoting <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)). In <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Id.</u> at 211 (citing <u>Porter</u>, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>Anderson v. XYZ Correctional Health Servs.</u>, 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." <u>Green v. Rubenstein</u>, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in <u>Anderson</u>, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

**III.    DISCUSSION**

Here, by Plaintiff's own assertions, Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. In the section of the Complaint regarding exhaustion of administrative remedies, Plaintiff concedes that he did not exhaust his administrative remedies.

In the Complaint filed in this Court on December 16, 2013, and dated November 24, 2013, Plaintiff states that the cause of action arose while he was incarcerated at Tabor City Correctional Institution and that he was currently incarcerated at Lanesboro.[1] (Doc. No. 1 at 2). Plaintiff contended, alternatively, in his Complaint that he exhausted his administrative remedies and that he attached his grievances to the Complaint. The attached grievances, however, do not address the specific conduct by the named Defendants that Plaintiff complains about in the Complaint. Furthermore, in an administrative remedy statement submitted on January 17, 2014, Plaintiff asserts that he did not exhaust his administrative remedies because the action arose at Tabor City Correctional Institution and he is now housed at Alexander Correctional Institution. (Doc. No. 8 at 1). This Court notes that all of the named Defendants are alleged to be employed at Lanesboro Correctional Institution, where the alleged deliberate indifference occurred. As noted, prison records indicate that Plaintiff was transferred from Lanesboro to Alexander on December 11, 2013. Thus, it is likely that while Plaintiff may have intended to indicate that his initial foot injury occurred at Tabor City Correctional Institution, his allegations clearly indicate that the alleged conduct in the Complaint occurred while he was incarcerated at Lanesboro. In any event, Plaintiff's claims must be dismissed for failure to exhaust administrative remedies because it is clear from Plaintiff's statements and the Complaint that he did not participate in the grievance process while at Lanesboro as to his claims here, and he is no longer incarcerated at Lanesboro.

**IV.     CONCLUSION**

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust

---

[1] Specifically, Plaintiff alleges that the action arose at "P.O. Box 730 Tabor City, North Carolina," which is the listed address for Tabor Correctional Institution.

administrative remedies.

        **IT IS THEREFORE ORDERED** that:

(1)  Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies. The Clerk of Court is directed to close this case.

Signed: January 19, 2014

Frank D. Whitney
Chief United States District Judge